WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santander Consumer USA Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Michael Keith Spencer,<br><br>Defendant. | No. CV-25-00422-PHX-DJH<br><br>**ORDER** |

Pursuant to 28 U.S.C. § 1446(a), to remove an action from state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." The Notice of Removal filed by *pro se* Defendant Michael Keith Spencer ("Defendant") states that "this case involves a federal question under the Truth in Lending Act (TILA)—15 U.S.C. § 1635, et. seq. and other consumer protections statutes, thereby conferring original jurisdiction upon this Court." (Doc. 1 at 1; *id.* (stating basis for removal is the Court's "original jurisdiction under 28 U.S.C. § 1331").

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Matheson*

*v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.") "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. "A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). The defenses that a defendant might raise are irrelevant. *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914). And "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question under 28 U.S.C. § 1331." *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975), *aff'd sub nom. Jones v. Rath Packing Co.*, 430 U.S. 519 (1977).

Here, no federal question is presented on the face of Plaintiff's complaint, which states a single cause of action against Defendant for replevin under Arizona law. (Doc. 1-1 at 3–7). In his Notice of Removal, Defendant staes that he "lawfully rescinded the vehicle contract by proving written notice of the Truth in Lending Act (TILA) — 15 U.S.C. § 1635 due to material misrepresentations and fraudulent omissions in the agreement"; that Plaintiff "as the assignee, was provided with a copy of the rescission notice, obligating them to comply under TILA and Regulation Z (12 C.F.R. § 1026.23(d))"; and that Plaintiff had a "statutory 20-day period to comply with the rescission, return all consideration, and terminate any security interest," but did not. (Doc. 1 at 2). To the extent that Defendant attempts to present a federal question via a defense or counterclaim, this does not imbue this Court with subject-matter jurisdiction. There simply is not a federal question on the face of Plaintiff's Complaint.

The Court lacks subject-matter jurisdiction and this case must be remanded. 28

U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); *Amaya v. Van Beek*, 513 F. App'x 652, 653 (9th Cir. 2013) ("Remand of [the] action to state court was required because [the] original complaint provided no basis for federal subject matter jurisdiction, making removal improper.").

Accordingly,

**IT IS ORDERED** that this case shall be remanded to the Maricopa County Superior Court.

Dated this 11th day of February, 2025.

Honorable Diane J. Humetewa
United States District Judge